This case was before this court in 1944 and a decision rendered determining in effect that the defendant was a constructive trustee holding the title to premises, the subject matter of the action, for the benefit of the plaintiff (268 App. Div. 1017). The case was again before this court at the November, 1946, Term and a decision was handed down December 30, 1946 (271 App. Div. 913). An appeal was taken to the Court of Appeals from that decision and on November 13, 1947 (297 N. Y. 673), that court made a decision as follows: “Judgment reversed, without costs, and the case remitted to the Appellate Division for determination of the questions of fact raised in that court. (See People ex rel. Sheffield Farms Co. v. Lilly, 295 N. Y. 854.) All concur.” The court restates its decision of 1946 concerning the “questions of fact” as directed by the Court of Appeals. We adopt paragraphs (3) and' (7) of the judgment. The aggregate of the amounts mentioned in those findings is a lien upon the real property which defendant was directed to reconvey to the plaintiff. We further find that the annual rental of the premises should be fixed at $1,140.43 for each of the years 1942, 1943, 1944 and 1945, amounting to $4,561.72; interest on the annual rentals for the period during which such rentals remained unpaid to the date of the report we find to be $424.27; and *1098 tiiat the difference in the value of the property as it existed on June 1,1941, and as it existed after the buildings had been demolished and personal property taken away was $3,500; that the aggregate amount which plaintiff-respondent i« entitled to recover on account of these items is $8,485.99. This amount is to be substituted for the sum of $18,080.27 the amount found by the referee and fixed by the judgment. The court reverses findings of fact numbered “ Second ”, “ Third ” and “ Fourth ” in the decision and report" of the referee, and disapproves the conclusion of law. The court further reverses paragraphs numbered (4), (6) and (8) of the judgment. The court makes the following further finding of fact: That plaintiff’s judgment against the defendant is fixed at the sum of $8,485.99, and that the amount of the lien which the defendant has on the premises reeonveyed is fixed at the sums mentioned in paragraphs of the judgment numbered (3) and (7), amounting to $3,563.16. The judgment is in part reversed and modified upon the law and fact as above detailed. Hill, P. J., Heffernan, Foster, Bussell and Deyo, JJ., concur.